Lawrence Peitzman (State Bar No. 62379)
Jennifer W. Leland (State Bar No. 185951)
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

J. Michael Franks *(admitted pro hac vice)*
Thomas T. Pennington *(admitted pro hac vice)*
Scott C. Williams *(admitted pro hac vice)*
Manier & Herod, a Tennessee professional corporation
150 Fourth Avenue North, Suite 2200
Nashville, TN 37220
Telephone: (615) 244-0030
Facsimile: (615) 242-4203

Attorneys for Plaintiff
Liberty Mutual Insurance Company, Inc.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No. 6:08-24324-TD |
| MODTECH HOLDINGS, INC., a Delaware Corporation, | Chapter 11 |
| Debtor and Debtor-in-Possession. | |
| LIBERTY MUTUAL INSURANCE COMPANY, INC., a Massachusetts corporation, | Adversary No. 6:09-01143-TD |
| Plaintiff | **NOTICE OF MOTION AND MOTION TO DEPOSIT FUNDS AND OBTAIN DISCHARGE OF BOND; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | Date: January 28, 2010<br>Time: 10:00 a.m. |
| MODTECH HOLDINGS, INC., Debtor-in-Possession; WHITE MOUNTAIN APACHE TRIBE., a Sovereign Entity doing business in Arizona; ELECTRIC SUPPLY COMPANY, an Arizona corporation, | Place: <u>Live Hearing</u><br>Courtroom 1345<br>255 E. Temple Street<br>Los Angeles, CA 90012 |
| Defendants. | <u>Video Conference</u><br>Courtroom 303<br>3420 Twelfth Street<br>Riverside, California |

TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, DEFENDANTS AND THEIR ATTORNEYS OF RECORD AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on January 28, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1345 of the above-entitled Court, located at 255 E. Temple Street, Los Angeles, California, plaintiff Liberty Mutual Insurance Company, Inc. ("Liberty") will, and hereby does, move for an order (1) permitting Liberty to deposit with the Court the amount of its surety bond in dispute ($10,000.00), (2) enjoining all parties from commencing and prosecuting any other action against Liberty regarding such bond, (3) declaring Liberty discharged from all liability with respect to the bond at issue and (4) dismissing Liberty from this action.

This motion is brought pursuant to Federal Rules of Civil Procedure 22 and 67, made applicable herein pursuant to Federal Rules of Bankruptcy Procedure 7022 and 7067, and is made on the grounds set forth in the attached memorandum of points and authorities and on the ground that good cause exists for granting the motion and the relief requested therein.

The motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Douglas Wills filed concurrently herewith, the records and files in this adversary proceeding, and any additional evidence and argument that may be submitted at or before the hearing on the motion.

Date: December 8, 2009

Respectfully submitted,

**PEITZMAN, WEG & KEMPINSKY LLP**

by: ___/s/ Jennifer W. Leland___
Jennifer W. Leland

and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MANIER & HEROD, P.C.**

by: _____
Scott C. Williams (admitted *pro hac vice*)

Attorneys for Liberty Mutual Insurance Company

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Rules 7022 and 7067 of the Federal Rules of Bankruptcy Procedure, and Rules 22 and 67 of the Federal Rules of Civil Procedure, plaintiff Liberty Mutual Insurance Company ("Liberty"), by and through its undersigned counsel, respectfully moves this Court for an Order allowing Liberty to deposit with the Court the amount of its surety bond in dispute, $10,000, for an Order enjoining all parties from commencing and prosecuting any other action against it regarding its bond, declaring Liberty discharged from all liability with respect to its surety bond at issue, and dismissing Liberty from this action. As grounds for this Motion, Liberty states the following:

1. All named Defendants herein have been served with a copy of the Summons and Complaint, as amended, in this action in accordance with Fed. R. Civ. P. 4, and proof of such service has been previously filed with the Court.

2. None of the Defendants has filed a responsive pleading in this action.

3. Liberty, as surety, issued Bond No. 024022294 (the "Bond") naming Modtech, as principal, in support of Modtech's licensing as a Contractor under Arizona's Contractors' State License Law. *See* AZ. REV. STAT. § 32-1152.

4. All of the named Defendants, other than Modtech, may be persons benefited under AZ. REV. STAT. § 32-1152 (the "Bond Claimant Defendants").

5. Modtech has no interest in the proceeds of Liberty's Bond because the proceeds are not property of the Modtech bankruptcy estate. *See In re Buna Painting & Drywall, Inc.*, 503 F.2d 618 (9th Cir. 1974).

6. Liberty received claims from each of the Bond Claimant Defendants, the aggregate value of which exceeds the penal limit of the Bond ($10,000). None of the Bond Claim Defendants have made an appearance or filed a responsive pleading in this matter.

7. Fed. R. Civ. P. 22(a)(1), made applicable to these proceedings pursuant to Fed. Bankr. R. 7022, provides:

  Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or (B) the plaintiff denies liability in whole or in part to any or all of the claimants.

8. Fed. R. Civ. P. 67, made applicable to these proceedings pursuant to Fed. R. Bankr. P. 7067, provides:

**Rule 67. Deposit into Court**

**(a) Depositing Property.**

If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party — on notice to every other party and by leave of court — may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

9. Additionally, pursuant to 28 U.S.C. § 1335, depositing the funds with the Court (an action in the nature of interpleader) is appropriate where a party has possession of property of a value greater than $500 (in this case the Bond penal sum), to which two or more diverse parties are claiming or may claim entitlement to such property. Such claims to the property at issue need not have a common origin or be identical, but must only be adverse to and independent of one another. See 28 U.S.C. § 1335(b).

10. Liberty admits that the claims of the Bond Claimant Defendants asserted against it exceed the $10,000 penal sum of the Bond and that, for purposes of this action, it is liable to the extent the Bond Claim Defendants make an appearance and to the extent the Court may determine upon subsequent hearing, for the competing claims of the various Bond Claimant Defendants, for up to the $10,000 penal sum of its bond, but no more.

11. Liberty has not acted upon the various competing claims of the Bond Claimant Defendants because the $10,000 penal limit of the Bond is not sufficient to pay all of said claims in full.

12. A dispute and controversy exists by and among Liberty and the Bond Claimant Defendants because each has asserted competing claims to a finite source of funds.

13. Liberty cannot, with any reasonable degree of certainty, determine to which Bond Claimant Defendant it is obligated to pay any sums now or hereafter due under the Bond and, because multiple claims have been made against Liberty under the Bond, and lawsuits may be brought in the future by the Bond Claimant Defendants or unknown claimants, Liberty risks multiple or double liability absent a determination by this Court of the disposition of the $10,000 penal sum of its bond. Additionally, as the alleged amount of competing claims of the Bond Claimant Defendants exceed the penal sum of the bond, a determination by this Court as to the validity, amount, and priority of the various claims asserted appears necessary.

14. Liberty stands ready and able upon Order of the Court, to pay the sum of $10,000, representing the penal sum of the Bond, into the registry of this Court, to hold pending a future determination by this Court as to the rights of each of the respective Bond Claimant Defendants.

## II. **RELIEF REQUESTED**

By this Motion, Liberty seeks an Order of this Court requiring it to pay into the registry of the Clerk of this Court the sum of $10,000 representing the penal sum of the Bond, to be held pending a subsequent determination by the Court as to how said sum should be disposed of. Liberty further requests that this Court permanently enjoin any and all of the Defendants, or anyone, from bringing any action or otherwise harassing Liberty with claims and/or judicial proceedings, with respect to the Bond. Finally, Liberty prays that this Court enter an Order declaring that it has satisfied all of its obligations under the Bond, to anyone, upon the deposit of the $10,000 penal sum of its bond with the Clerk of this Court, and that it is thereupon released from any further obligation under the Bond to anyone, that the Bond be declared cancelled, null and void, and for reimbursement from the penal sum of the bond of Liberty's actual expenses,

court costs, and attorneys fees incurred in prosecuting this action. Upon entry of that order, Liberty respectfully requests that it be dismissed from the suit.

### III. ARGUMENT

#### A. Liberty is Entitled to Deposit the Penal Sum of its Bond

Fed. R. Civ. P. 22, made applicable to these proceedings by Fed. Bankr. R. 7022, allows this Court to require that Defendants interplead their claims when a plaintiff is or may be exposed to double or multiple liability. In this instance, as demonstrated by Liberty's Complaint, for Interpleader, Declaratory Judgment and Permanent Injunction, and the claims correspondence attached in support thereof, the claims asserted by the Bond Claimant Defendants, in the aggregate, exceed the $10,000 penal sum of Liberty's bond. Pursuant to the terms of its bond its aggregate liability may in no event exceed the sum of the bond. *See Complaint at Exhibit A.*

Moreover, Fed. R. Civ. P. 22 provides, in pertinent part, that:

> Joinder for interpleader is proper even though (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical.

In this instance, it appears that the claims asserted by the Bond Claimant Defendants are adverse to one another. In the aggregate they exceed the penal sum of the Bond and they each allege separate and independent grounds for recovery of all or of part of the same *res* to wit, the $10,000 penal sum of the bond.

Fed. R. Civ. P. 67 permits Liberty to deposit the penal sum of its Bond provided that it deliver to the Clerk a copy of the order permitting it to do so. Pursuant to Fed. R. Civ. P. 22, Liberty is entitled to an Order requiring the Bond Claimant Defendants to be joined as defendants and requiring them to interplead. Because the Bond Claimant Defendants assert competing claims to a finite fund, Liberty is entitled to an Order from this Court directing it to deposit the penal sum of the Bond with the Clerk of this Court. The disposition of said funds shall be subject to a subsequent determination by this Court of the validity, priority, and amount of the Bond Defendant Claimants' respective claims thereto.

**B. Upon Deposit of the Bond Penal Sum, Liberty is Entitled to a Declaration of Discharge and Dismissal, with Reimbursement of Costs, Expenses and Attorneys Fees.**

Pursuant to the clear and unambiguous terms of the Bond, Liberty's liability, in the aggregate, may in no way exceed the penal sum of $10,000. Accordingly, once Liberty has deposited the $10,000 penal sum of its bond with the Court, its bond will be exhausted. As its liability to anyone under its bond arises solely from the terms thereof, and is limited in amount, in the aggregate, to $10,000, upon exhaustion of the amount of its bond, its liability to all persons thereunder must necessarily cease.

Under Arizona law, a surety on a contractor's license bond cannot be held liable for claims of creditors following exhaustion of the bond's penal limit. *See Weitekamp v. Fireman's Fund Ins. Co.*, 709 P.2d 908 (Ct. App. Ariz. 1985) ("In absence of any showing of bad faith, collusion or fraud on part of surety on contractor's license bond, surety could rely on prior exhaustion as a proper defense to claim by creditor."); *Hill Bros. Chemical Co. v. Grandinetti*, 597 P.2d 987 (Ct. App. Ariz. 1979). Accordingly, upon hearing of this Motion, Liberty is entitled to an order of the Court declaring that it is discharged of all its obligations under the bond, and that the bond is thereby cancelled, null and void.

Upon payment of the bond penal sum into the registry of the Court, Liberty will no longer be a necessary party to these proceedings, which may move to a second stage, as the Court may require, in which the claims of the various Bond Claimant Defendants may be adjudicated. Following the deposit of the Bond's penal sum into the Court's registry, Liberty should be dismissed and the claims of the Bond Claimant Defendants determined based upon a disposition that this Court deems appropriate under the circumstances.

Liberty further requests that it be allowed its costs and attorneys fees attendant to its maintenance of the interpleader demands. Although the federal interpleader statute, 28 U.S.C. § 1335 does not specifically indicate that plaintiff is entitled to reasonable attorney fees in an action such as this, where the applicable state law does provide for the award of fees, it is within the discretion of the court to make such an award. *See Prudential Ins. Co. of America v. Burress*,

1  181 F. Supp. 391 (D.C. Cal. 1960). In this instance, the Arizona statute requiring the
2  procurement of a license bond specifically states that "[t]he court may award reasonable
3  attorney's fees in a judgment against a contractor's surety bond." AZ REV. STAT. § 32-1152(E).
4      This interpleader action was clearly necessary, as this action is the only way in which the
5  Court may gather into one proceeding all of the conflicting claims to the bond sum. Because
6  these claims, in the aggregate, exceed the penal sum of the bond, this proceeding is necessary in
7  order that the Court may simultaneously determine the validity, amount, and priority of the
8  various claims and, if necessary, prorate the Bond sum. In bringing this action for the benefit of
9  the Bond Claimant Defendants and to dispose of these competing claims in the most judicially
10 economical and expeditious manner, Liberty has incurred actual costs and attorneys fees in the
11 amount of not less than $4,500, as of the date of filing, as reflected in the Declaration of Douglas
12 Wills filed concurrently herewith. Accordingly, Liberty requests this Honorable Court to award
13 Liberty its costs and fees in the amount of not less than $4,500.00, to be distributed from the
14 proceeds of the funds deposited into this Court.

## IV. CONCLUSION

16     For all the foregoing reasons, Liberty respectfully requests that its Motion be granted and
17 that this Court enter an Order allowing Liberty to deposit the sum of $10,000 into the registry of
18 this Court pending the subsequent adjudication of the rights of the various Bond Claimant
19 Defendants thereto, permanently enjoining the commencement or continuation of any claims
20 and/or judicial proceedings against Liberty on account of its bond at issue, for declaration that
21 upon deposit of its bond penal sum Liberty is discharged from any liability with respect to its
22 bond to anyone, and that the bond be cancelled, null, and void, and for dismissal of Liberty from
23 this suit with immediate reimbursement of its attorneys fees and out-of-pocket expenses in the
24 amount of not less than $4,500.00 from the $10,000 penal sum of its bond, and for the costs of
25 this action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

**PEITZMAN, WEG & KEMPINSKY LLP**

by: _____
Jennifer W. Leland

and

**MANIER & HEROD, P.C.**

by: _____
Scott C. Williams (admitted *pro hac vice*)

Attorneys for Liberty Mutual Insurance Company

| In re: MODTECH HOLDINGS, INC., a Massachusetts corporation,<br><br>Debtor(s). | CASE NUMBER: 6:08-24324-TD |
|---|---|
| Liberty Mutual Insurance Company, Inc. v.<br>Modtech Holdings, Inc., etc., et al. | ADVERSARY NO. 09-01143-TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, Suite 1450, Los Angeles, CA 90067.**

The foregoing documents described as: **NOTICE OF MOTION AND MOTION TO DEPOSIT FUNDS AND OBTAIN DISCHARGE OF BOND; MEMORANDUM OF POINTS AND AUTHORITIES**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 8, 2009**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Jennifer Leland    jleland@pwkllp.com
Lawrence Peitzman    lpeitzman@pwkllp.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Scott Williams    swilliams@manierherod.com, mfranks@manierherod.com;tpennington@manierherod.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **December 8, 2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Via First Class Mail**
Honorable Thomas Donovan
Edward R. Roybal Federal Bldng.
255 East Temple Street
Courtroom 1345
Los Angeles, CA 90012

☒ Service information continued on attached page

---
This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                              **F 9013-3.1**

| | |
|---|---|
| In re: MODTECH HOLDINGS, INC., a Massachusetts corporation,<br><br>                                                                                    Debtor(s).<br>Liberty Mutual Insurance Company, Inc. v.<br>Modtech Holdings, Inc., etc., et al. | CASE NUMBER: 6:08-24324-TD<br><br>ADVERSARY NO. 09-01143-TD |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 8, 2009 | Marjorie O. Boell | /s/ Marjorie O. Boell |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    **F 9013-3.1**

| In re: MODTECH HOLDINGS, INC., a Massachusetts corporation, | CASE NUMBER: 6:08-24324-TD |
|---|---|
| Debtor(s). | |
| Liberty Mutual Insurance Company, Inc. v. Modtech Holdings, Inc., etc., et al. | ADVERSARY NO. 09-01143-TD |

## SERVICE LIST

*Liberty Mutual Insurance Company, Inc. v. Modtech Holdings, Inc., et al.*
Adv. Case No. 09-01143 TD

**Via First Class Mail**

George Heese, Esq.
Higgins, Hitchcock & Hesse
1630 E. White Mountain Blvd.
Pinetop, AZ  85935

J. Sheldon Capeloto, Esq.
Law Offices of J. Sheldon Capeloto
155 South El Molino Ave., Suite 202
Pasadena, CA  91101

*Attorneys for White Mountain Apache Tribe*

Electric Supply Company
917 W. Madison St., Suite B
Phoenix, AZ  85007

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                              F 9013-3.1